Case 4:16-cv-00842 Document 19 Filed in TXSD on 09/14/16 Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
September 14, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHNNY LEE RHEA, TDCJ #1268314, §
§
        Petitioner, §
§
v. §
§   CIVIL ACTION NO. H-16-0842
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
§
        Respondent. §

**MEMORANDUM OPINION AND ORDER**

    The petitioner, Johnny Lee Rhea (TDCJ #1268314), has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) seeking relief from a prison disciplinary conviction. Pending before the court are Respondent's Motion for Summary Judgment with Brief in Support ("Respondent's Motion") (Docket Entry No. 12) and Petitioner's Response to Respondent's Motion for Summary Judgment with Brief in Support ("Petitioner's Response") (Docket Entry No. 18). After considering the pleadings and the applicable law, the court will grant Respondent's Motion and will dismiss this action for the reasons explained below.

**I. Background**

    Rhea is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at

the Ellis Unit in Huntsville as the result of convictions for aggravated sexual assault of a child and indecency with a child in Liberty County cause number 24807.[1] Rhea received a 35-year prison sentence in that case.[2]

In the pending Petition Rhea seeks relief from a prison disciplinary case that was entered against him at the Hightower Unit where Rhea was formerly assigned.[3] Rhea was charged with filing fraudulent UCC financing statements, which is an act defined as a felony under state law, in disciplinary case #20150003186.[4] At a disciplinary hearing on September 9, 2015, the charging officer presented documents showing that Rhea filed fraudulent UCC financing statements against Texas Attorney General Greg Abbott, United States Attorney General Eric Holder, and the presiding judge for the 253rd District Court for Liberty County, Texas.[5] The disciplinary hearing officer found Rhea guilty as charged.[6] As a result of this disciplinary conviction, Rhea forfeited 180 days of previously earned good-time credit and he lost commissary,

---

[1] TDCJ Commitment Inquiry, Docket Entry No. 12-2, p. 2.

[2] Id.

[3] Petition, Docket Entry No. 1, p. 5.

[4] TDCJ Disciplinary Hearing Record, Docket Entry No. 11-2, p. 3.

[5] Id.; Affidavits of Notice of Default and of Res Judicata, Docket Entry No. 11-2, pp. 7-20.

[6] TDCJ Disciplinary Hearing Record, Docket Entry No. 11-2, p. 3.

recreation, and telephone privileges for 30 days.[7] The disciplinary conviction also affected Rhea's classification status.[8]

Rhea contends that the charges against him were "false" and that he is entitled to relief because he was punished in violation of the right to due process and equal protection of the law.[9] Rhea contends further that his conviction constitutes "Cruel & Unusual Punishment" in violation of the Eighth Amendment.[10] Respondent argues that the Petition must be dismissed because the claims lack merit.[11]

## II. Discussion

### A. Due Process

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See Wolff v. McDonnell, 94 S. Ct. 2963, 2974-75 (1974). Prisoners charged with institutional rules

---

[7]Id.

[8]Id.

[9]Petition, Docket Entry No. 1, pp. 6-7.

[10]Id. at 6.

[11]Respondent argues further that the claims are unexhausted. See Respondent's Motion, Docket Entry No. 12, pp. 4-7. Rhea insists that he filed both Step 1 and Step 2 grievances to exhaust his claims. See Petitioner's Response, Docket Entry No. 18, p. 4. Because the claims are plainly without merit, the court will not address the question of exhaustion.

violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. See Sandin v. Conner, 115 S. Ct. 2293, 2302 (1995). In Texas only those inmates who are eligible for the form of parole known as mandatory supervision have a constitutional expectancy of early release. See Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); see also Teague v. Quarterman, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). As a result, a Texas prisoner cannot demonstrate a constitutional violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. See Malchi, 211 F.3d at 957-58 (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

Rhea cannot demonstrate a constitutional violation of the right to due process. Although Rhea lost good-time credit as the result of the challenged disciplinary conviction, he is not eligible for mandatory supervision because of his prior conviction for aggravated sexual assault of a child. See Tex. Gov't Code

§ 508.149(a)(8) (excluding prisoners convicted of aggravated sexual assault of a child in violation of Texas Penal Code § 22.021 from eligibility for mandatory supervision). This is fatal to Rhea's due process claims. See Malchi, 211 F.3d at 957-58.

Although the disciplinary convictions at issue also resulted in a loss of privileges and affected his classification status, the Fifth Circuit has recognized that sanctions such as these, which are "merely changes in the conditions of [an inmate's] confinement," do not implicate due process concerns. Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed on privileges are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. See id. Likewise, reductions in a prisoner's custodial classification and the potential impact on good-time credit earning ability are too attenuated to be protected by the Due Process Clause. See Malchi, 211 F.3d at 958; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). Because none of the punishment imposed implicates a constitutionally protected liberty interest, Rhea's due process claim is without merit.

B. Equal Protection

Rhea also alleges that his conviction in disciplinary case #20150003186 is invalid because prison officials violated his right

to equal protection by seizing his legal property in connection with that case.[12]

The Equal Protection Clause provides that "all persons similarly situated should be treated alike." <u>City of Cleburne v. Cleburne Living Center</u>, 105 S. Ct. 3249, 3254 (1985). Rhea fails to establish a violation of the Equal Protection Clause because he does not allege or show that he was treated differently from other similarly situated inmates. Likewise, to the extent that Rhea claims that officials failed to comply with prison policy when seizing his property, it is well established that the failure to follow prison procedures does not rise to the level of a constitutional violation. See <u>Myers v. Klevenhagen</u>, 97 F.3d 91, 94 (5th Cir. 1996) (citations omitted). Therefore, this claim also lacks merit.

## C. Eighth Amendment

Rhea contends that his conviction in disciplinary case #20150003186 violates the Eighth Amendment, which prohibits cruel and unusual punishment, because the charges against him were false. Rhea's challenge to the sufficiency of the evidence is governed by the Due Process Clause. See <u>Superintendent, Massachusetts Correctional Institution, Walpole v. Hill</u>, 105 S. Ct. 2768, 2775 (1985) (noting that due process requires that at least there must

---

[12]Petition, Docket Entry No. 1, p. 7.

be "some evidence to support the findings made in the disciplinary hearing"). As explained above, Rhea cannot demonstrate a violation of the Due Process Clause because he is not eligible for mandatory supervision. See Malchi, 211 F.3d at 957-58. More importantly, the record contains ample proof in support of the conviction.[13] Therefore, Rhea does not demonstrate that the charges were false or that his conviction violates the Constitution. Absent a valid claim for relief, the Respondent's Motion will be granted and the Petition will be dismissed.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that

---

[13]Affidavits of Notice of Default and of Res Judicata, Docket Entry No. 11-2, pp. 7-20.

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039. Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, the court concludes that jurists of reason would not debate whether the petitioner states a valid claim or that the Petition should be resolved in a different manner. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Respondent's Motion for Summary Judgment (Docket Entry No. 12) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Johnny Lee Rhea (Docket Entry No. 1) is **DISMISSED with prejudice**.

3.   A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 14th day of September, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE